# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 00-cv-1864-REB-BNB (Consolidated with 00-cv-1908-REB-BNB, 00-cv-1910-REB-BNB, 00-cv-1919-REB-BNB, 00-cv-1945-REB-BNB, 00-cv-1954-REB-BNB, 00-cv-1957-REB-BNB, 00-cv-1963-REB-BNB, 00-cv-1996-REB-BNB, 00-cv-2040-REB-BNB, 00-cv-2074-REB-BNB, 00-cv-2149-REB-BNB, 00-cv-2243-REB-BNB, and 00-cv-2316-REB-BNB)

In re ICG COMMUNICATIONS, INC. SECURITIES LITIGATION

This Document Relates To:   All Actions

## STIPULATION AND ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned attorneys for the respective parties in this action, that this Stipulation and Order of Confidentiality ("Stipulation and Order") shall govern the handling of all party and non-party discovery in this action that is produced by, or obtained from, any party from whom such material may be sought (the "Producing Party") during this litigation.

1. <u>Discovery Material Defined.</u>   As used herein, the word "Discovery Material" includes all matters within the scope of Fed. R. Civ. P. Rules 26 and 34. It also includes, without limitation:

    (a)    Recordation of testimony of the parties, their agents, employees and consultants, and of any non-party, its agents, employees, or consultants, given in depositions or proceedings in this litigation, or given in other litigation and used in this litigation, to the extent such testimony in other proceedings was subject to an agreement for confidentiality or a protective order in such other proceeding; and

(b)   Pleadings or papers filed with the Court, including answers to interrogatories, admissions, affidavits and exhibits offered in support thereof that incorporate any Discovery Material or information described therein.

2.   <u>Confidential Discovery Material Defined</u>.  As used herein, the term "Confidential Discovery Material" means any Discovery Material that a party or non-party, after having the Discovery Material reviewed by counsel, believes, in good faith, to include personal or confidential, commercial, proprietary business information or information otherwise entitled to protection. The Producing Party agrees to designate information as "Confidential" on a good faith basis and not for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's access to information concerning the lawsuit.

3.   <u>Restricted Access Discovery Material Defined.</u>  As used herein, the term "Restricted Access Discovery Material" means any Confidential Discovery Material that a party or non-party, after having the Discovery Material reviewed by counsel, believes, in good faith, to include trade secrets or other highly confidential and proprietary information.  The term "trade secrets" as used herein means information that derives economic value, actual or potential, from not being generally known to other persons who can obtain competitive advantage or economic value from its disclosure or use. "Trade secrets" also means sensitive financial or business information integral to the operations of a Producing Party for which the Producing Party has a compelling interest in avoiding disclosure.  Examples of types of information that may be designated as "Restricted Access" include:  (a) proprietary information containing trade secrets; (b) marketing and other sensitive commercial information; and/or (c) private personnel

records of persons not party to this action. The Producing Party agrees to designate information as "Restricted Access" on a good faith basis and not for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's access to information concerning the lawsuit.

4.   <u>Use of Restrict Access Discovery Material or Confidential Discovery Material</u>. Any Restricted Access Discovery Material or Confidential Discovery Material, whether produced in this action or provided from any other source, shall be used solely for the purposes of this action, and such discovery material shall not be made available or disclosed to persons other than those defined in Paragraph six (6) and seven (7) of this Stipulation and Order. As stated in Paragraph 16(b), nothing herein shall limit the use or disclosure by a party of documents, materials or information lawfully obtained by such party independent of the discovery proceedings in this action.

5.   <u>Manner of Use of Restricted Access Discovery Materials and Confidential Discovery Material</u>. A non-party may designate as Confidential any Discovery Material generated by that non-party or by an employee of that non-party, in which case such material shall be treated immediately as Confidential under this Stipulation and Order. The parties or non-parties shall designate documents or other materials (apart from depositions or other pretrial testimony) confidential or restricted access by affixing the legend "Confidential" to any page containing any Confidential Discovery Material or "Restricted Access" to any page containing any Restricted Access Confidential Material.

The parties shall designate depositions or other pretrial testimony confidential or restricted access (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties, within eight (8) business days after the receipt of a copy of the transcript. Until expiration of the eight

(8) business day period, all discovery materials shall accordingly be deemed "Confidential" and treated as if so designated.

    6.    <u>Disclosure of Confidential Discovery Material</u>. Except as permitted by further order of this Court or by subsequent written agreement of the Producing Party, Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons, and only in good faith to the extent reasonably necessary for purposes of this action:

(a) The parties in this action;

(b) Counsel to the parties in this action, or attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

(c) Potential trial or deposition witnesses and their counsel;

(d) Any person who is identified (in the Confidential Discovery Material, through testimony or otherwise) as the author or recipient of, or who may have reasonably had access to, a document designated as Confidential Discovery Material;

(e) Experts or consultants (including their employees, associates, support staff, and other persons retained by them for assistance) specifically retained by the parties for purposes relating to this action;

(f) The Court, persons employed by the Court, the jury (if any) or stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(g) Insurers, reinsurers, and retrocessionaires;

(h) Any mediator(s) appointed by the Court or retained by the parties, persons employed by such mediator(s); and

(i) Any other person only upon order of the Court or with the written consent of the Producing Party.

7. <u>Disclosure of Restricted Access Discovery Material.</u> Except as permitted by further order of this Court or by subsequent written agreement of the Producing Party, Discovery Material designated "Restricted Access" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons, and only in good faith to the extent reasonably necessary for purposes of this action:

    (a) The parties in this action;

    (b) The parties' counsel of record or other specifically identified counsel, and associate attorneys, paralegal and clerical employees assisting such counsel;

    (c) Trial or deposition witnesses and their counsel;

    (d) This Court, persons employed by the Court, the jury (if any) or stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

    (e) Consultants or experts retained by the parties to consult or testify in the case, subject to the terms and conditions of Paragraph eight (8); and

    (f) Any person that a document, on its face, indicates has previously seen, or has been sent the confidential information, such as authors, drafters, recipients and copyholders of the documents or information.

8. <u>Agreement to Be Bound by Stipulation and Order of Confidentiality.</u> Prior to disclosure of Restricted Access Discovery Material or Confidential Discovery Material pursuant to Paragraphs six (6) and seven (7) above, each person to whom disclosure is made shall be informed by the disclosing party of the existence and provisions of this Stipulation and Order. Any person identified in subparagraphs 6(e), (i) or 7(e) to whom disclosure is made shall agree to be bound by the terms stated in this Stipulation and Order by executing a Confidentiality Agreement substantially in the form of Exhibit 1. Original copies of the signed confidentiality agreements shall be obtained and retained

by counsel of record for the party who was responsible for permitting access to the Restricted Access Discovery Material or Confidential Discovery Material. Such copies for any witness who testifies at deposition and/or trial shall be provided to counsel for the Producing Party on request before any testimony by that witness.

9.  <u>Objection to Designation of Discovery Material as "Restricted Access" or "Confidential."</u> If any party objects to the designation of any Discovery Material as "Restricted Access" or "Confidential," the party shall state the objection by letter to counsel for the Producing Party. Such notice shall identify specifically the materials as to which the party wishes to have the "Restricted Access" or "Confidential" designation removed and specify the reasons for such declassification. Within ten (10) business days of receiving such notice, the party seeking the "Restricted Access" or "Confidential" designation shall notify the requesting party in writing whether the Producing Party will agree to the declassification request.

If the parties are unable to resolve objections to documents designated as "Confidential" within ten (10) business days of receiving notice of the objection, the Producing Party may move the Court to affirm the "Confidential" designation. Until the Court rules on any such motion that has been timely filed, the Discovery Material shall continue to be deemed "Confidential" under the terms of this Stipulation and Order. If the Producing Party fails to file such a motion within the prescribed time, the disputed information shall lose its "Confidential" designation and shall not thereafter be treated as "Confidential" in accordance with this Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential."

-6-

If the parties are unable to resolve objections to documents designated as "Restricted Access," within ten (10) business days of the Producing Party's receipt of such objection in writing, the Producing Party may move the Court to affirm the "Restricted Access" designation. Until the Court rules on any such motion that has been timely filed, the Discovery Material shall continue to be deemed "Restricted Access" under the terms of this Stipulation and Order. If the Producing Party fails to file such a motion within the prescribed time, the disputed information shall lose its "Restricted Access" designation and shall thereafter be treated as "Confidential" in accordance with this Order. In connection with a motion filed under this provision, the party designating the information as "Restricted Access" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Restricted Access."

~~Without prejudicing the right of either party to object to the designation of any~~ Discovery Material as "Restricted Access" or "Confidential," no party shall make any derogatory comment on the record about any party's decision to mark discovery ~~material as "Restricted Access" or "Confidential."~~

10.   <u>Filing Restricted Access Discovery Material or Confidential Discovery Material with the Court</u>. If a party seeks to file Restricted Access Discovery Material or Confidential Discovery Material produced by any other party with the Court, the party must give advance notice as soon as reasonably practicable, including the identity of the specific documents at issue. If any party so requests, the party seeking to file the Restricted Access Discovery Material or Confidential Discovery Material shall move the Court pursuant to Local Rules 7.2 and 7.3 to file it under seal.

11. <u>Restricted Access or Confidential Status Retained</u>. If any Restricted Access Discovery Material or Confidential Discovery Material is used in any court proceeding in this action, that Restricted Access Discovery Material or Confidential Discovery Material shall keep its status as Restricted Access Discovery Material or Confidential Discovery Material, respectively. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

12. <u>Response to Subpoena or Other Legal Process</u>. If any person receiving documents covered by this Stipulation and Order is served with a subpoena, request for production of documents, or other similar legal process in another proceeding (including any proceeding before any other court, regulatory agency, law enforcement or administrative body) seeking Restricted Access Discovery Material or Confidential Discovery Material, that person shall give timely notice to the Producing Party to provide the Producing Party with a reasonable opportunity to assert any objection to the requested production. If the Producing Party objects to the production, the receiving party shall assert such objection as necessary to preserve it and the Producing Party's Restricted Access Discovery Material or Confidential Discovery Material shall not be produced except pursuant to a court order (or other order that subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The Producing Party shall bear sole responsibility for prosecuting any objection to the requested production. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Stipulation and Order to challenge or appeal any such order requiring production of Restricted Access Discovery Material or Confidential Discovery Material covered by this Stipulation

-8-

and Order, or to subject itself to any penalties for noncompliance with any such Order, or to seek any relief from this Court.

13. <u>Return or Destruction of Restricted Access Discovery Material or Confidential Discovery Material</u>. Within thirty (30) days after a judgment or dismissal in this Litigation becomes final and nonappealable, all persons having received Restricted Access Discovery Material or Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or destroy all such Restricted Access Discovery Material or Confidential Discovery Material and certify that fact. Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product, provided that such counsel, and employees of such counsel, shall not disclose any such material that contains or refers to Restricted Access Discovery Material or Confidential Discovery Material or is not otherwise part of the public record to any person except pursuant to court order or agreement with the party that produced the Restricted Access Discovery Material or Confidential Discovery Material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

14. <u>Removal of Sealed Records</u>. Any party shall be free to move the Court to remove any sealed records that have been filed with the Clerk of the Court: (a) within ninety (90) days after a final decision is rendered if no appeal is taken, or (b) if an appeal is taken, within thirty (30) days after final disposition of the appeal.

15. <u>Use of Own Restricted Access Discovery Material or Confidential Discovery Material</u>. Notwithstanding any other provision of this Stipulation and Order, (a) nothing herein shall limit a party's use or disclosure of its own Restricted Access

Discovery Material or Confidential Discovery Material; and (b) nothing herein shall limit the use or disclosure by a party of documents, materials or information lawfully obtained by such party independent of the discovery proceedings in this action.

16. <u>Headings</u>. The headings set forth in the numbered paragraphs of this Stipulation and Order are for convenience only, and shall not be used to expand, limit, or interpret the substantive terms of this Stipulation and Order.

17. <u>Non-waiver</u>. Entering into, agreeing to and/or complying with the terms of this Stipulation and Order shall not: (a) be deemed a waiver of any applicable privilege, (b) require a party to produce any document, information or material or (c) prejudice in any way the right of a party to contend that a particular document, information or material, or category thereof documents, information or material, is irrelevant, non-responsive or is otherwise not required to be produced.

18. <u>Stipulation Effective Immediately</u>. The parties agree to be bound by the terms of this Stipulation and Order pending its entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court. Within thirty (30) days of entry of this Stipulation and Order, parties may redesignate by letter any documents that were previously produced in this action.

19. <u>Counterpart Originals.</u> This Stipulation and Order may be executed by counsel for the parties in counterpart originals. Facsimile or electronic copies shall be deemed originals.

20. <u>Continuing Jurisdiction</u>. This Court or any Court before whom this litigation is pending shall retain jurisdiction as to any application for modification or enforcement of the provisions of this Stipulation and Order after its entry, which

jurisdiction shall continue with respect to the provisions of this Stipulation and Order after final disposition of this action.

21. <u>Continuing Effect of Stipulation and Order</u>.  The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action.

22. <u>Modification.</u> Any party may apply to the Court following reasonable efforts to reach agreement with the other party, on reasonable notice to the other parties, for relief or modification of any provision of this Stipulation and Order.

23. <u>Binding Effect of Counsel's Signatures</u>.  The parties agree that upon the execution of this Stipulation and Order by all signatory counsel, the parties are and shall be bound hereby.  The parties acknowledge and agree that their respective signing counsel have the authority to execute this Stipulation and Order and thereby bind the respective parties.

Dated:  July 7, 2005

s/ Daniel L. Berger
Daniel L. Berger
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212-554-1444

s/ Norman Berman
Norman Berman
Bryan A. Wood
BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO
One Liberty Square
Boston, Massachusetts 02109
Tel: 617-542-8300

s/ Kip B. Shuman
Kip B. Shuman
DYER & SHUMAN, LLP
801 East 17th Avenue
Denver, Colorado 80218
Tel: 303-861-3003

**ATTORNEYS FOR LEAD PLAINTIFFS**

s/ Bradley J. Butwin
Bradley J. Butwin
Jonathan Rosenberg
William J. Sushon
O'MELVENY & MYERS, LLP
7 Times Square
New York, New York 10036

Timothy R. Beyer
BROWNSTEIN HYATT & FARBER
410 Seventeenth St Ste 2200
Denver, Colorado 80202

**ATTORNEYS FOR DEFENDANTS**

SO ORDERED:

_Boyd N. Boland_    7/18/05
Boyd N. Boland
United States Magistrate Judge

## EXHIBIT 1

## AGREEMENT TO BE BOUND BY STIPULATION AND ORDER OF CONFIDENTIALITY

1.  I hereby certify my understanding that Discovery Material, Confidential Discovery Material and/or Restricted Access Discovery Material are being provided to me pursuant to the terms and restrictions of the Stipulation and Order of Confidentiality entered by United States Magistrate Judge Boyd N. Boland on _____, 2005, in the matter *In re ICG Communications, Inc. Securities Litigation*, Civil Action No. 00-RB-1864 (BNB).

2.  I have read the Stipulation and Order of Confidentiality and understand its terms.

3.  I agree to be fully bound by the Stipulation and Order of Confidentiality, and I hereby submit to the jurisdiction of the Court for purposes of enforcing the Stipulation and Order of Confidentiality. I understand that violation of the Stipulation and Order of Confidentiality is punishable by contempt of court.

DATED: _____

Signature: _____

Name (Printed): _____

Title & Company: _____

_____