# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Robert E. Blackburn, Judge

Civil Case No. 00-cv-01864-REB-BNB (consolidated with Civil Action Nos. 00-cv-01908, 00-cv-01910, 00-cv-01919, 00-cv-01945, 00-cv-01954, 00-cv-01957, 00-cv-01963, 00-cv-01996, 00-cv-02040, 00-cv-02074, 00-cv-02149, 00-cv-02243, and 00-cv-02316)

IN RE ICG COMMUNICATIONS, INC. SECURITIES LITIGATION

## PRELIMINARY APPROVAL ORDER

**Blackburn, J.**

WHEREAS, a consolidated action is pending before this Court captioned In re ICG Communications, Inc. Securities Litigation, Civil Action No. 00-cv-1864-REB-BNB (the "Action");

WHEREAS, Strategic Market Analysis Fund, Retirement Systems of Alabama, and the Policemen's Annuity and Benefit Fund of the City of Chicago (collectively, "Lead Plaintiffs") and J. Shelby Bryan and William S. Beans, Jr. (collectively, "Defendants") having entered into a Stipulation and Agreement of Settlement, dated as of July 10, 2006 (the "Stipulation") in full and final settlement of all claims asserted or that could have been asserted against Defendants or any other Released Parties;

WHEREAS, Lead Plaintiffs having made application, under Fed. R. Civ. P. 23(e), for an order approving the Action's settlement in accordance with the Stipulation, which, together with its attached exhibits sets forth the terms and conditions for the Action's proposed settlement and for its dismissal with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the attached exhibits; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation,

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court preliminarily certifies, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), for the sole purpose of effectuating the Settlement, a Class defined as all persons who purchased ICG common stock on the open market from December 9, 1999, through September 18, 2000, inclusive, and were damaged thereby.  Excluded from the Class are: (a) the Defendants; (b) ICG and all of its subsidiaries, affiliates, successors and assigns and any person who was a partner, officer, executive or director of any such entity at any time from December 9, 1999 through the date of the Second Consolidated and Amended Complaint; (c) members of the families of each of the defendants; (d) Liberty Media; Hicks, Muse, Tate & Furst; and Gleacher Partners and their legal affiliates, partners, officers, employees, executives, directors, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any of them;  (e) any entity in which any such excluded person has a controlling interest; and (f) the legal representatives, heirs, successors and assigns of any such excluded person or entity.  Also excluded from the Class will be any putative Class member who or which properly requests exclusion from the Class in accordance with the requirements set forth in the Notice.

2. The Court preliminarily concludes, and for the sole purpose of the Settlement, that the prerequisites to class action certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs are typical of the

claims of the Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.  The Court further preliminarily concludes, pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the sole purpose of the Settlement, that Lead Plaintiffs Strategic Market Analysis Fund, Retirement Systems of Alabama, and the Policemen's Annuity and Benefit Fund of the City of Chicago are adequate class representatives and certifies them for settlement purposes only as class representatives for the Class.

4.  If the Settlement is terminated or fails to become effective for any reason, the parties shall revert to their litigation positions as of May 17, 2006, and the Class certification shall be rescinded.

5.  The Court does hereby preliminarily approve the Stipulation and the Settlement terms set forth therein, subject to further consideration at the Settlement Hearing described below.

6.  A hearing shall be held before this Court on **January 12, 2007**, at **10:00 a.m.**, before the Honorable Robert E. Blackburn, United States District Judge, at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3589 in courtroom A-701 (the "Settlement Hearing") to determine (i) whether the proposed Settlement on the terms and conditions provided in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; (ii) whether an Order and Final Judgment as provided in paragraph 30 of the Stipulation should be entered in the Action; (iii) whether the proposed Plan of Distribution should be approved; and (iv)

whether the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses incurred should be approved. The Court may adjourn the Settlement Hearing without further notice to Class members.

7. The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action, Hearing on Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"), and Summary Notice, attached, respectively, as Exhibits A-1, A-2 and A-3 to the Stipulation, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order is the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

8. Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

> **a**. Not later than ten (10) business days from the date this Order is entered, Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms attached as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail to all Class members who can be identified with reasonable effort, at the address of each such person as set forth in the records of ICG or its transfer agent, or who otherwise may be identified through reasonable effort. Defendants' Counsel shall

cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms;

**b**. Not later than fourteen (14) days from the date the Notice and Proof of Claim are mailed, Lead Counsel shall cause the Summary Notice, substantially in the form attached as Exhibit A-3, to be published once in the national edition of The Wall Street Journal; and

**c**. At least five (5) days before the Settlement Hearing, Lead Counsel shall serve on the Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

9. Nominees who purchased ICG common stock during the Class Period beneficially owned by another person or entity shall send the Notice and the Proof of Claim to such persons or entities within ten (10) days after receipt thereof, or send a list of the names and addresses of such persons or entities to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such persons or entities.

10. All Class members shall be bound by all determinations, judgments and releases in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

11. Class members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than one hundred and twenty (120) days after the Notice and Proof of Claim are mailed. Any Class member who does not timely submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the

5

Settlement Fund, unless otherwise ordered by the Court.

12. Any Class member may enter an appearance in the Action at his, her or its own expense, individually or through counsel of the Class member's own choice. Any Class member who does not enter an appearance will be represented by Lead Counsel.

13. Pending final Settlement approval, neither the Lead Plaintiffs, Plaintiffs, nor any Class member, either directly, derivatively, or in any other capacity, shall commence or prosecute any action or proceeding asserting any or all of the Released Claims against any or all of the Released Parties.

14. Any person or entity falling within the definition of the Class may, upon request, be excluded from the Class. Any such person or entity must submit to the Claims Administrator a written request for exclusion ("Request for Exclusion") in accordance with the requirements set forth in the Notice and postmarked no later than fifteen (15) days before the Settlement Hearing. All persons or entities who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

15. Any Class member may appear and show cause why (i) the proposed Settlement should or should not be approved as fair, reasonable and adequate, (ii) an Order and Final Judgment should or should not be entered thereon, (iii) the Plan of Distribution should or should not be approved, or (iv) attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class member or any other person or entity shall be heard unless that person or entity has complied with the requirements set forth for making objections in the Notice. Unless

otherwise ordered by the Court, any Class member who does not make his, her or its objection on or before fifteen (15) days prior to the Settlement Hearing and in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from objecting to: (i) the proposed Settlement's fairness or adequacy, (ii) the Plan of Distribution, (iii) the award of attorneys' fees and expenses to Plaintiffs' Counsel; and (iv) the Order and Final Judgment.

16. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person or entity that is not a Class member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

17. All funds and securities held by the Escrow Agent in the Escrow Account shall be deemed and considered to be in the Court's legal custody, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed under the Stipulation and/or further Court Order(s).

18. All papers supporting the Settlement, the Plan of Distribution, and Plaintiffs' Counsel's attorneys' fees and expenses application shall be filed with the Court and served thirty (30) days before the Settlement Hearing. Reply papers, if any, in further support of the Settlement, the Plan of Distribution and Plaintiffs' Counsel's attorneys fees and expenses shall be filed with the Court and served five (5) days before the Settlement Hearing.

19. Neither the Released Parties nor Defendants' Counsel shall have any responsibility for the Plan of Distribution or any application for reimbursement of attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and

such matters will be considered separately from the Settlement's fairness, reasonableness and adequacy.

20. At or after the Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses, shall be approved.

21. All reasonable expenses incurred in identifying and notifying Class members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. Prior to the Effective Date and without further order of the Court, Lead Counsel may expend up to $500,000 from the Settlement Fund to pay the Notice and Administration Expenses actually incurred. Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charges by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the fees, if any, of the Escrow Agent. If the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor their counsel shall have any obligation to repay Settlement Fund expenses not exceeding $500,000 that were actually and properly incurred in connection with the Notice of the Settlement.

22. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, documents, submissions, filing or proceedings connected with it, shall be construed as, or offered or received as evidence of, an admission, presumption or concession by the Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind; or as an admission, presumption or concession by Lead Plaintiffs of the lack of merit of any of the

allegations in the Action.

23. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to Class members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

Dated July 28, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**