**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Action No. 00-cv-1864-REB-BNB (Consolidated with 00-cv-1908-REB-BNB,
00-cv-1910-REB-BNB, 00-cv-1919-REB-BNB, 00-cv-1945-REB-BNB,
00-cv-1954-REB-BNB, 00-cv-1957-REB-BNB, 00-cv-1963-REB-BNB,
00-cv-1996-REB-BNB, 00-cv-2040-REB-BNB, 00-cv-2074-REB-BNB,
00-cv-2149-REB-BNB, 00-cv-2243-REB-BNB, and 00-cv-2316-REB-BNB)

In re ICG COMMUNICATIONS, INC. SECURITIES LITIGATION

This Document Relates To:  All Actions

**ORDER AWARDING ATTORNEY FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

**Blackburn, J.**

This matter is before me on **Lead Plaintiffs' Motion in Support of Award of Attorneys' Fees and Reimbursement of Litigation Expenses** [#218], filed December 13, 2006.  Lead Counsel seek an award of twelve percent (12%) of the settlement fund for attorney fees.  The settlement fund totals 18 million dollars.  An award of twelve percent would result in an award of attorney fees amounting to 2,160,000.00 dollars.  In addition, Lead Counsel seek an award of 539,188.18 for litigation expenses.  The motion is unopposed, and no member of the plaintiff class has objected to the request for attorney fees and expenses.

This case involves claims of securities fraud asserted by a class of plaintiffs against the two defendants.  On July 20, 2006, the parties filed a Stipulation and Agreement of Settlement [#208] (the "Stipulation").  The Stipulation resolves all claims against both defendants.  Due and adequate notice of the proposed settlement and the

request for attorney fees and litigation expenses has been given to the Class, as required in my order [#210], filed July 28, 2006. Concurrently with this order, I have entered an Order and Final Judgment, in which I approve the proposed settlement.

This case is controlled by the Private Securities Litigation Reform Act of 1995 (PSLRA). The PSLRA provides that the "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C. § 78u-4(a)(6). This provision is consistent with case law adopting the common fund doctrine. Under the common fund doctrine, attorneys who pursue litigation on behalf of a class, and whose efforts create a common fund for the benefit of the class, are entitled to an award of attorney fees from the common fund. *See, e.g., Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988). This ensures that the fund's beneficiaries share in the cost of creating the fund. *Id*. In such cases, attorney fees are based primarily on a percentage of the common fund created by counsel's efforts. *Brown*, 838 F.2d at 454. The key issue is a determination of a reasonable percentage. In determining a reasonable percentage, I must articulate the specific reasons on which my determination of a reasonable percentage is based. *Brown*, 838 F.2d at 454. In determining reasonable attorney fee awards, "federal courts have relied heavily on the factors articulated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Id*.

Lead Counsel has outlined and analyzed the relevant factors, as they apply to this case, in their motion for an award of attorney fees and expenses [#218]. I have considered all papers filed and proceedings conducted herein, I have found the settlement of this action to be fair, reasonable, and adequate, and I otherwise am fully

2

informed in the premises.  I find and conclude that the requested award of attorney fees and litigation expenses is reasonable, based on the arguments advanced, reasons stated, and authorities cited by Lead Counsel in their motion for award of attorney fees and expenses [#218], filed December 13, 2006.

       **THEREFORE, IT IS ORDERED** as follows:

       1.  This order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

       2.  This court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class, under 15 U.S.C. § 78aa, and 28 U.S.C. § 1331.

       3.  Lead Counsel are hereby awarded twelve percent (12%) of the Settlement Fund, in fees, which the Court finds to be fair and reasonable, which amounts shall be paid to Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns interest.  The award of attorneys' fees shall be allocated among plaintiffs' counsel in a manner which, in the opinion of Lead Counsel, fairly compensates plaintiffs' counsel for their respective contributions in the prosecution of the Action.

4.  Lead Counsel are further awarded $539,188.18 as reimbursement for their reasonable out-of-pocket expenses incurred in the prosecution of this Action, to be paid out of the Settlement Fund.

Dated January 19, 2007, at Denver, Colorado.

>                             BY THE COURT:
>
>                             s/ Robert E. Blackburn
>                             **Robert E. Blackburn**
>                             **United States District Judge**